**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40019
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ROMERO-FLORES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas, Laredo
USDC No. 5:04-CR-1430-ALL
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Mario Romero-Flores appeals the sentence imposed following his jury-trial conviction on two counts of smuggling aliens for financial gain. He contends that the district court committed error under United States v. Booker, 542 U.S. 220 (2005), when it sentenced him based on judicial fact-findings made in violation of his rights under the Sixth Amendment. He also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the district court misapplied the Sentencing Guidelines in calculating his sentence and that the court erred by imposing his sentence under the misapprehension that the Sentencing Guidelines were mandatory.

Romero-Flores is correct that the district court committed Sixth Amendment error under Booker when it enhanced his sentence based on factual determinations that he did not admit and that the jury did not find beyond a reasonable doubt. Additionally, as the government acknowledges, Romero-Flores preserved this issue by objecting to the sentence enhancement on Sixth Amendment grounds. See United States v. Akpan, 407 F.3d 360, 376 (5th Cir. 2005). When, as here, a Booker error has been preserved in the district court, we "will ordinarily vacate the sentence and remand, unless [this court] can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005) (internal quotation marks and citation omitted). The government concedes that it cannot show harmlessness in this case. The government cannot, therefore, meet its "arduous" burden of demonstrating "beyond a reasonable doubt that the Sixth Amendment Booker error did not affect the sentence that [Romero-Flores] received." Pineiro, 410 F.3d at 285, 287. As we must remand this case for resentencing, we need not address

2

Romero-Flores's other arguments concerning the sentence enhancement.

Romero-Flores also challenges the condition of his supervised release requiring that he cooperate with the probation officer in the collection of a DNA sample.  This is not ripe for review on direct appeal.  United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed, (U.S. Jan. 9, 2006)(No. 8662).  Accordingly, we lack appellate jurisdiction to consider this isue.

SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.